**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-cv-60570-BLOOM/Valle**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MAVEN INFOTECH PVT. LTD.,
*doing business as* Maven Info Tech Ltd.
*doing business as* Ozemio Inc. *doing business as* OZM *doing business as* Urgent Tech Help *doing business as* UTH,

    Defendant.
_____/

**ORDER**

    **THIS CAUSE** is before the Court on the Government's *Ex Parte* Motion for Leave to Serve the Defendant by Alternate Means, ECF No. [31]. The Court has carefully considered the Motion, the record in this case and the applicable law, and is otherwise fully advised. For the following reasons, the Motion is granted in part.

    On March 4, 2019, the Government filed a Complaint, ECF No. [1], against Defendant, a privately held company located in Kolkata, India, alleging Defendant engaged in a wire fraud scheme. *See generally id.* The Government sought to serve Defendant via the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U.S.T. 361 (the "Hague Service Convention"), because both the United States and India are signatories to it. *See* Mot. at 2.

    Under the Hague Service Convention, the requesting state must direct its request for service to the Central Authority of the state in which the documents are to be served, and the Central

Authority must then either inform the requesting state that the request does not comply with the Convention's requirements or attempt to serve the documents. *See* 20 U.S.T. 361 at Articles 2, 4, 5.

The Government attempted to serve Defendant via the Indian Central Authority, which in turn forwarded the package for service of process to the Kolkata District Court on June 7, 2019. *See* Seventh Status Report on Service of Process, ECF No [20] at 1. On December 26, 2019, the Department of Justice received a certificate from the Indian Central Authority stating Defendant could not be located. S*ee* ECF No. [21-1] at 5–6. On February 6, 2020, the Government sent the Indian Central Authority another request to effect service, using a different address, *see* Eighth Status Report of Service of Process ECF No. [26] at 1–2, but to date, the Indian Central Authority has not responded, *see* ECF No. [31] at 3. Finally, on June 24, 2020, the Government sent Defendant a request to waive service of the Summons in this matter, *see* Letter to Defendant, ECF No. [31] at 11, but Defendant has not responded. The Government now asks the Court to authorize service by publication of advertisements in an English-language newspaper of general circulation in Kolkata, India, *The Telegraph.*

The Government argues the factors considered in authorizing alternate service — (1) whether the proposed method of service is "reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"; (2) whether the proposed method of service "minimizes offense to foreign law"; and (3) whether the "facts and circumstances warrant exercise of [the Court's] discretion" under Rule 4(f) — weigh in favor of the Government.[1] *See Tracfone Wireless, Inc. v. Hernandez*, 126 F. Supp. 3d 1357, 1364 (S.D. Fla. 2015) (internal quotation marks and citations omitted). The Court agrees in part.

---

[1] The Government also notes that under paragraph 2 of Article 15 of the Hague Service Convention, a judgment may be given even when no certificate of service or delivery has been received where (a) the

First, *The Telegraph* is an established English-language newspaper in Kolkata, India,[2] and the Government avers English is the language used in Defendant's scheme and in which Defendant's website is published.[3] *See* ECF No. [31] at 6. Second, the Government submits case law from the High Court at Calcutta indicating service via newspaper, and specifically *The Telegraph*, is permitted under Indian law.[4] *See id.* Moreover, district courts have permitted service via newspaper publication within India. *See e.g., Gurung v. Malhotra*, 279 F.R.D. 215, 220 (S.D.N.Y. 2011) (finding service by publication in two Indian newspapers, certified mail, and electronic mail were appropriate means of alternate service where the defendant had actual notice of the suit); *Kyko Glob., Inc. v. Prithvi Info. Sols., LTD.*, No. 2:18-CV-1290, 2019 WL 7482238, at *4 (W.D. Pa. Sept. 5, 2019) ("Service by publication is appropriate in this case to provide reasonably calculated notice of the pending suit. The Defendants against who service by publication is sought are all citizens of India. Plaintiffs have attempted to effectuate service through the proper channels in India to no avail. After a diligent search of Indian law, there appears

---

document was transmitted by a method authorized by the Hague Service Convention; (b) six months have elapsed since the document's transmission; and (c) no certificate of any kind has been received. *See* 20 U.S.T. 361 at Articles 15. Here, more than six months have elapsed since the Government attempted service through the Indian Central Authority for the second time on February 26, 2020, and the Government has not received a response.

[2] The Court takes judicial notice of *The Telegraph*'s website, https://www.abp.in/#tele, which describes the history, purpose, and general content of the paper. "The Court may take judicial notice of any fact that is not subject to reasonable dispute because it 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1258 (11th Cir. 2019) (quoting Fed. R. Evid. 201(b)(2)).

[3] According to the Government, Defendant's website is www.mavenindia.org.

[4] *See* Case No. CS 171 of 2009, available at
https://www.casemine.com/judgement/in/59e204ebce686e23ddbfcd1c   (stating "The plaintiff has filed the affidavit of service and submits that in view of the Division Bench order dated 8th May, 2017 the plaintiff has made substituted service . . . . In the affidavit of service it has been stated that the news clips were published on 28th May, 2017 in two newspapers, namely, The Telegraph and Ananda Bazar Patrika in their Kolkata edition. Despite such publication made in the said two newspapers, no one appears today.")

to be no rule prohibiting service by publication."). Finally, the Court agrees that the facts and circumstances of this case warrant service by publication.  The Government has twice attempted to serve Defendant via the Hague Convention at two separate addresses, and has attempted to apprise Defendant of the suit via post mail to no avail .

Nevertheless, the Court finds the more conservative course of action is to permit alternate service by multiple means. "Service by publication, coupled with email as a supplemental form of providing notice, has also been held to be in accordance with due process." *Kyko*, 2019 WL 7482238, at *5. Because an email address is listed on Defendant's website, the Government must also undertake to serve Defendant by electronic means.

For the foregoing reasons it is

**ORDERED AND ADJUDGED** that Government's *Ex Parte* Motion for Leave to Serve the Defendant by Alternate Means, **ECF No. [31]**, is **GRANTED IN PART**.  Service by publication is authorized by publishing in *The Telegraph*.  The Government must also attempt to effect service via electronic mail. The Government shall file a status report on service of process on or before **October 12, 2020**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 31, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record