**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO.: 0:19-cv-60570-BLOOM/VALLE**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**vs.**

**MAVEN INFOTECH PVT. LTD.,** *doing business*
*as* **Maven Info Tech Ltd.** *doing business as* **Ozemio**
**Inc.** *doing business as* **OZM** *doing business as*
**Urgent Tech Help** *doing business as* **UTH,**

      **Defendant.**
_____/

**UNITED STATES' MOTION FOR DEFAULT FINAL JUDGMENT AGAINST**
**DEFENDANT MAVEN INFOTECH PVT. LTD. AND MEMORANDUM IN SUPPORT**

Plaintiff, the United States of America, respectfully requests under Federal Rule of Civil Procedure 55(b) that the Court enter default final judgment against Defendant Maven Infotech Pvt. Ltd., doing business as Maven Info Tech Ltd., Ozemio Inc., OZM, Urgent Tech Help, and UTH. This Motion is based on the Clerk's Entry of Default and the records and files in this case. Defendant has failed to appear or otherwise defend this matter, and in light of the Clerk's Entry of Default, this Court should enter a default judgment against Defendant and grant the injunctive relief requested herein.

## I.      RELEVANT PROCEDURAL HISTORY

The United States' Complaint was filed on March 4, 2019 against the sole defendant, Maven Infotech Pvt. Ltd.  ECF No. 1.  The Complaint seeks only equitable relief; the United States does not seek any form of monetary relief in the Complaint or through this Motion.  ECF No. 1, at 8–9.  After considering the United States' application for a temporary restraining order, the Court

found in its temporary restraining order that "the United States has demonstrated probable cause to believe that Defendant is engaged in a scheme to defraud, committing wire fraud, and will continue to do so in violation of 18 U.S.C. § 1343 unless stopped."  ECF No. 7 at 2.  Service on Defendant was effected by newspaper publication in Kolkata, India, in an English-language newspaper (*The Telegraph*), as well as by e-mail, both as ordered by the Court.  ECF Nos. 33, 34. Service was complete as of October 5, 2020.  ECF No. 34 at 2.  Since then, Defendant has not appeared, answered, or otherwise defended, and has made no effort to contact undersigned counsel; accordingly, the United States moved for entry of Clerk's default.  ECF No. 36; Exhibit 1, *Declaration of Plaintiff's Counsel in Support of Motion for Default Final Judgment and Permanent Injunction*.  The Clerk of this Court entered default under Rule 55(a) on November 6, 2020.  ECF No. 37.  Also on November 6, 2020 and as applicable here, the Court ordered the United States to file a motion for default final judgment.  ECF No. 38.  Accordingly, the United States files the instant motion.

## II.    JURISDICTION AND VENUE

This Court has jurisdiction over this matter because it arises under the laws of the United States, specifically under the Anti-Fraud Injunction Statute, 18 U.S.C. § 1345, and because the Plaintiff is the United States.  28 U.S.C. §§ 1331, 1345.  Venue is appropriate because the case was brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391.  The United States provided the Declaration of United States Postal Inspector Thomas Ninan, which notes complaints about Defendant's scheme from residents of this judicial district.  ECF No. 5-1 at 10, ¶ 21–22.

### III.      LEGAL ARGUMENT

The United States is entitled to relief under the Anti-Fraud Injunction statute, 18 U.S.C. § 1345.  The facts set forth in the Complaint, as supported by declarations filed in support of the motion for a temporary restraining order (including the Declaration of U.S. Postal Inspector Thomas Ninan, ECF No. 5-1, as well as the declarations of several victims of Defendant's scheme, ECF Nos. 5-12, 5-13, and 5-14), demonstrate that Defendant is engaged in an ongoing wire-fraud scheme.  Therefore, the Court should grant permanent injunctive relief to protect current and future fraud victims from further injury.

### A. Default Judgment Standard.

A plaintiff seeking affirmative relief may move for a default judgment.  Fed. R. Civ. P. 55(b); *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015).  Although there is a strong policy disfavoring judgments by default, *Surtain*, 789 F.3d at 1244–45, default judgment is nevertheless appropriate where a defendant has failed to defend or otherwise plead within the meaning of Rule 55(a).  *PepsiCo, Inc. v. Distribuidora La Matagalpa, Inc.*, 510 F. Supp. 2d 1110, 1113 (S.D. Fla. 2007).  Defendant's default under Rule 55(a) also results in admission of the United States' well-pleaded allegations of fact.  *Surtain*, 789 F.3d at 1245; *PepsiCo, Inc.*, 510 F. Supp. 2d at 1114; *see also* 10A Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 2688.1 (4th ed.) (noting that where a defendant defaults, the complaint's allegations should be taken as true).  Entry of default is "warranted when there is a sufficient basis in the pleadings for the judgment entered."  *Surtain*, 789 F.3d at 1245 (internal quotation omitted).  A "sufficient basis" to enter default is "akin to that necessary to survive a motion to dismiss for failure to state a claim," *i.e.*, default judgment may enter where the complaint contains sufficiently plausible factual allegations.  *Id.*  This "plausibility standard" is met "when the plaintiff pleads factual content that

3

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotation omitted).

**B. Defendant's wire fraud scheme.**

As alleged in the Complaint and now deemed to be admitted facts, Defendant's scheme has been ongoing since 2012 and victimizes consumers across the United States, including the elderly and other vulnerable persons. ECF No. 1, ¶ 8, 18–19. Defendant's scheme uses India-based telemarketers, who pose as technicians working for legitimate, well-known computer companies and call unsuspecting consumers to warn of purported computer security problems. *Id.*, ¶ 9, 13. Defendant's scheme also uses threatening pop-up messages on Internet browsers on consumers' computers; these messages purport to be security alerts that direct consumers to call phone numbers used by Defendant in order to resolve the purported security issues. *Id.*, ¶ 10–12. Once Defendant's telemarketers have consumers on the phone, they falsely claim that the consumers' computers face imminent security threats and that only immediate action will resolve the problems. *Id.*, ¶ 13. The telemarketers direct consumers to allow "remote access" to the consumers' computers, purport to confirm the security threat, and then tell consumers that their personal information, passwords, and financial account numbers face imminent exposure to "hackers." *Id.* The telemarketers then assure consumers that they can resolve these immediate security threats by installing high quality and expensive security software. *Id.* After Defendant's telemarketers purportedly install this software, they demand payment by credit card, usually several hundred dollars. *Id.*, ¶ 14. Defendant's telemarketers will sometimes re-victimize those who have fallen prey to the scheme, contacting them again and offering new, false reasons to buy additional "security software" or services in order to avoid purported continuing security threats. *Id.*, ¶ 15. Defendant knowingly engages in these fraudulent activities. *Id.*, ¶ 17.

4

**C. Permanent injunctive relief is appropriate under 18 U.S.C. § 1345, because Defendant is engaged in a predatory wire fraud scheme.**

The United States is entitled to relief under the Anti-Fraud Injunction statute, 18 U.S.C. § 1345.  That statute authorizes the United States to "commence a civil action in any Federal court to enjoin" persons who are "violating or about to violate" criminal fraud statutes, including the federal wire fraud statute, 18 U.S.C. § 1343.  18 U.S.C. § 1345(a)(1)(A).  Section 1345 further provides that a district court may issue "a permanent or temporary injunction or restraining order" if it finds a person is committing or about to commit violations of the wire fraud statute.  18 U.S.C. § 1345(a)(1)(A), (3).  Congress enacted Section 1345 out of a concern that innocent people would "continue to be victimized" by fraudulent schemes during the "months, if not years, before [a] case is ready for criminal prosecution[.]"  S. Rep. No. 98-225, at 402 (1984).

Moreover, as the Court has already noted in its temporary restraining order, "neither a specific finding of irreparable harm, a showing of the inadequacy of other remedies at law, nor a balancing of the parties' interests is necessary prior to issuance of a temporary restraining order." ECF No. 7 at 2 (citing *United States v. Livdahl*, 356 F. Supp. 2d 1289, 1290–91 (S.D. Fla. 2005)). This remains true in the context of issuing injunctive relief.  *Livdahl*, 356 F. Supp. 2d at 1290–91 (issuing preliminary injunction).  The standard for permanent injunctive relief is "essentially the same" as for preliminary relief, except that the party seeking permanent relief must show "actual success" on the merits instead of a likelihood of success.  *See Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 546 n.12 (1987).  Here, the United States has demonstrated actual success on the merits of its claims, and thus permanent injunctive relief is appropriate.  The Complaint's factual allegations, summarized above, are more than sufficient to meet the "plausibility standard"

5

described in *Surtain* to demonstrate that Defendant is engaged in a predatory wire fraud scheme. 789 F.3d at 1245.

Specifically, wire fraud has two elements: first, that a person intentionally participates in a scheme or artifice to defraud another of money or property, and second, that the person uses or causes the use of the wires for the purpose of executing the scheme or artifice. *United States v. Langford*, 647 F.3d 1309, 1320 (11th Cir. 2011); *United States v. Ward*, 486 F.3d 1212, 1222 (11th Cir. 2007). A "scheme or artifice to defraud" exists where the person makes "misrepresentations intended and reasonably calculated to deceive persons of ordinary prudence and comprehension." *Ward*, 486 F.3d at 1222. A person causes the use of wires when he acts with knowledge that the use of the wires "will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended." *Id.* (internal quotation omitted).

As to the first element, the Complaint alleges that Defendant's pop-up messages and telemarketers falsely tell consumers that the consumers' computers or other electronic devices face immediate and critical security threats. Defendant's telemarketers then demand and receive payment of money after falsely claiming to resolve such purported security threats. As to the second element, use of telephone lines and the Internet constitute use of "wires" within the meaning of the wire fraud statute; either would be sufficient to sustain a conviction for wire fraud. *See, e.g., United States v. Hewes*, 729 F.2d 1302, 1323-24 (11th Cir. 1984) (upholding wire fraud conviction by virtue of use of telephone); *United States v. Collick*, 611 F. App'x 553, 556 (11th Cir. 2015) (upholding wire fraud conviction by virtue of use of the Internet).

**D.  The scope of requested relief is appropriate in light of Defendant's conduct and is intended to prevent future harm to U.S. consumers.**

The United States seeks a permanent injunction to prevent harm to future victims and prevent re-victimization of those already harmed by Defendant's scheme.  Specifically, the proposed permanent injunction seeks to enjoin Defendant from: (1) committing wire fraud; (2) using the websites and e-mail addresses it has used to carry out its scheme; (3) impersonating other technology companies; (4) accepting payments for purported technical-support services; (5) engaging in telemarketing efforts where call recipients are told that they have a computer-related security problem; (6) causing pop-up messages to appear on computers or other electronic devices; and (7) destroying business, financial, and accounting records.  This is substantially similar to the scope of relief provided by the Court's temporary restraining order, ECF No. 7.  Where, as here, "Defendant's business is permeated with fraud," the broadest possible injunctive relief is appropriate under Section 1345.  *United States v. Palumbo*, 448 F. Supp. 3d 257, 267 (E.D.N.Y. 2020).  The scope of the requested relief is appropriate, given that the entirety of Defendant's business endeavor appears to be geared towards carrying out the fraudulent scheme.

Further, as noted previously by a court in this District, "[p]ermanent injunctive relief is appropriate when the defendant's past conduct indicates that there is a reasonable likelihood of further violations in the future."  *FTC v. Partners In Health Care Ass'n, Inc*., 189 F. Supp. 3d 1356, 1369 (S.D. Fla. 2016) (internal quotation omitted).  In making this determination, courts in this district weigh the "egregiousness of the defendant's actions" as well as "the isolated or recurrent nature of the infraction, the degree of scienter involved, the sincerity of the defendant's assurances against future violations, the defendant's recognition of the wrongful nature of his conduct, and the likelihood that the defendant's occupation will present opportunities for future

violations." *Id.* at 1369-70 (internal quotation omitted).  As noted above, the fraudulent nature of Defendant's scheme is now determined by virtue of Defendant's default, as are the allegations that Defendant's conduct amounts to criminal wire fraud carried out against elderly and vulnerable persons over approximately seven years.  Especially where Defendant does not appear to explain or defend its conduct or provide assurances that it will stop, there is a reasonable likelihood that the wire fraud scheme will continue if Defendant is not permanently enjoined from doing so.

## CONCLUSION

Defendant is engaged in a fraud scheme in violation of the wire fraud statute and has failed to respond in any way to this matter.  The Clerk of Court has entered default and the facts pleaded in the Complaint must be accepted as true.  Therefore, the United States is entitled to default final judgment and a permanent injunction in order to prevent continuing harm to the public.  The United States respectfully requests that the Court grant this motion and provide the requested relief.

## Local Rule 7.1(a)(3) Pre-Filing Certification

The undersigned certifies that Charles Dunn, one of the attorneys of record for Plaintiff United States, made reasonable efforts to confer with Defendant concerning the relief sought in this Request for Clerk's Default.  Counsel contacted Defendant by sending an e-mail on October 30, 2020, at approximately 5:00 p.m. Eastern; this e-mail stated that counsel intended to move for default and default judgment.  Counsel requested that the Defendant contact counsel to confer about the relief requested by the United States.  Counsel for the United States received no response or other communication from Defendant before the time of this filing.  Thus, Plaintiff has been unable to confer and resolve the issues raised by the Motion for Default Final Judgment and Permanent Injunction.

8

Dated: November 20, 2020

**GUSTAV W. EYLER**
**Director**
**Consumer Protection Branch**

**JACQUELINE BLAESI-FREED**
**Assistant Director**
**Consumer Protection Branch**

**Charles B. Dunn**
Charles B. Dunn
Trial Attorney
Court ID No. A5502657
Consumer Protection Branch
United States Department of Justice
P.O. Box 386
Washington, DC  20044
Tel.: 202.305.7227
Email: Charles.B.Dunn@usdoj.gov

*Counsel for United States of America*

Respectfully Submitted,

**ARIANA FAJARDO ORSHAN**
**UNITED STATES ATTORNEY**

**James A. Weinkle**
James A. Weinkle
Assistant United States Attorney
Florida Bar No. 0710891
United States Attorney's Office
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
Tel.: 305.961.9290
Email: James.Weinkle@usdoj.gov

*Counsel for United States of America*

## CERTIFICATE OF PROVIDING DEFENDANT WITH E-MAIL NOTICE

I hereby certify that on this date, the foregoing document was electronically filed with the

Clerk of Court using the CM/ECF system.

I further certify that on this date the foregoing document was e-mailed to Defendant at the

following e-mail addresses:  mayur@mavenindia.org and support@urgentechelp.com.

Dated: November 20, 2020

**Charles B. Dunn**
Charles B. Dunn
Trial Attorney
Consumer Protection Branch
United States Department of Justice
P.O. Box 386
Washington, DC  20044
Tel.: 202.305.7227

Email: charles.b.dunn@usdoj.gov