UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-60570-BLOOM/Valle

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MAVEN INFOTECH PVT. LTD.,
*doing business as* Maven Info Tech Ltd.
*doing business as* Ozemio Inc. *doing business as* OZM *doing business as* Urgent Tech Help *doing business as* UTH,

    Defendant.
_____/

## ORDER ON MOTION FOR DEFAULT FINAL JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff the United States of America's ("Plaintiff") Motion for Default Final Judgment Against Defendant Maven Infotech PVT. LTD. ("Defendant" or "Maven"), ECF No. [39] (the "Motion"), filed on November 20, 2020. A clerk's default was entered against Defendant on November 6, 2020, ECF No. [37], because Defendant failed to answer or otherwise plead to the complaint, despite having been served. *See* ECF No. [40]. The Court has carefully considered the Motion, the record in this case and the applicable law, and is otherwise fully advised. For the following reasons, Defendant's Motion is granted.

### I.    BACKGROUND

Plaintiff initiated this case on March 3, 2019, asserting a claim under the Anti-Fraud Injunction Statute, 18 U.S.C. § 1345, and seeking permanent injunctive relief. ECF No. [1] ("Complaint"). On March 5, 2019, the Court granted Plaintiff's request for a temporary restraining order, and administratively closed this case pending service of process upon Defendant in India.

*See* ECF No. [7]. Thereafter, Plaintiff attempted service twice pursuant to the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Service Convention"), *see* ECF Nos. [21], [26], and requested the leave to serve Defendant by publication, which the Court granted, and also required that Plaintiff serve Defendant by electronic means, *see* ECF No. [33]. Plaintiff complied, *see* ECF No. [34], yet Defendant has failed to respond or otherwise plead to the Complaint.

In the Motion, Plaintiff seeks final default judgment against Defendant and the entry of a permanent injunction.

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. This Circuit maintains a "strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Nonetheless, default judgment is entirely appropriate and within the district court's sound discretion to render where the defendant has failed to defend or otherwise engage in the proceedings. *See*, *e.g.*, *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 910 (11th Cir. 2011); *Dawkins v. Glover*, 308 F. App'x 394, 395 (11th Cir. 2009); *In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.*, 510 F. Supp. 2d 1110, 1113 (S.D. Fla. 2007); *see also Owens v. Benton*, 190 F. App'x 762 (11th Cir. 2006) (default judgment within district court's discretion).

A defendant's "failure to appear and the Clerk's subsequent entry of default against him do[es] not automatically entitle Plaintiff to a default judgment." *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007). Indeed, a default is not "an absolute confession by

the defendant of his liability and of the plaintiff's right to recover," *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004), but instead acts as an admission by the defaulted defendant as to the well-pleaded allegations of fact in the complaint. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (citations omitted); *Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Com. Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). Therefore, before granting default judgment, "the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

## III.  DISCUSSION

According to the Complaint, Defendant maintains a technical support fraud scheme based in India, which operates by fraudulently inducing consumers to purchase phony or otherwise misrepresented technical support services related to computers. Defendant's scheme has been ongoing since 2012 and victimizes consumers across the United States, including the elderly and other vulnerable persons. ECF No. [1], ¶¶ 8, 18-19. Defendant's scheme uses India-based

telemarketers, who pose as technicians working for legitimate, well-known computer companies and call unsuspecting consumers to warn of purported computer security problems. *Id*., ¶¶ 9, 13. Defendant's scheme also uses threatening pop-up messages on Internet browsers on consumers' computers purporting to be security alerts that direct consumers to call phone numbers used by Defendant in order to resolve the purported security issues. *Id*., ¶¶ 10-12. Once Defendant's telemarketers have consumers on the phone, they falsely claim that the consumers' computers face imminent security threats and that only immediate action will resolve the problems. *Id*., ¶ 13. The telemarketers direct consumers to allow "remote access" to the consumers' computers, purport to confirm the security threat, and then tell consumers that their personal information, passwords, and financial account numbers face imminent exposure to "hackers." *Id*. The telemarketers then assure consumers that they can resolve these immediate security threats by installing high quality and expensive security software. *Id*. After Defendant's telemarketers purportedly install this software, they demand payment, usually of several hundred dollars, by credit card. *Id*., ¶ 14. Defendant's telemarketers will sometimes re-victimize those who have fallen prey to the scheme, contacting them again and offering new false reasons to buy additional "security software" or services in order to avoid purported continuing security threats. *Id*., ¶ 15. Defendant knowingly engages in these fraudulent activities. *Id*., ¶ 17.

   Plaintiff seeks a permanent injunction against Defendant. The Anti-Fraud Injunction Statute authorizes the United States to "commence a civil action in any Federal court to enjoin" persons who are "violating or about to violate" criminal fraud statutes, including the federal wire fraud statute, 18 U.S.C. § 1343. 18 U.S.C. § 1345(a)(1)(A). Section 1345 provides further that a court may issue "a permanent or temporary injunction" if it finds a person is committing or about to commit violations of the wire fraud statute. 18 U.S.C. § 1345(a)(1)(A), (a)(3). Specifically, wire

fraud has two elements: first, a person intentionally participates in a scheme or artifice to defraud another of money or property, and second, the person uses or causes the use of the wires for the purpose of executing the scheme or artifice. *United States v. Langford*, 647 F.3d 1309, 1320 (11th Cir. 2011); *United States v. Ward*, 486 F.3d 1212, 1222 (11th Cir. 2007). A "scheme or artifice to defraud" exists where the person makes "misrepresentations intended and reasonably calculated to deceive persons of ordinary prudence and comprehension." *Ward*, 486 F.3d at 1222. A person causes the use of wires when he acts with knowledge that the use of the wires " will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended." *Id*. (internal quotation omitted). Here, the allegations are sufficient to establish that Defendant is engaged in a predatory wire fraud scheme. Because injunctive relief to protect the public interest is expressly authorized by 18 U.S.C. § 1345, neither a specific finding of irreparable harm, a showing of the inadequacy of other remedies at law, nor a balancing of the parties' interests is necessary. *See United States v. Livdahl*, 356 F. Supp. 2d 1289, 1290-91 (S.D. Fla. 2005).

Upon a review of Plaintiff's submissions, the Court finds a sufficient basis in the Complaint to enter default judgment in Plaintiff's favor. Because Defendant has not appeared, "all of Plaintiff's well-pled allegations in the Complaint are deemed admitted." *Ordonez v. Icon Sky Holdings LLC*, No. 10-60156-CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)). Having reviewed the Complaint, the Court finds Plaintiff's allegations well-pled, and sufficient to establish Defendant's liability. By default, Defendant has admitted the truth of the allegations, and accordingly, the Court finds that Plaintiff has established its claim against Defendant. In addition, the Court finds that absent a permanent injunction, Defendant is likely to continue to engage in the fraudulent activities alleged

in the Complaint. As a result, a permanent injunction constraining Defendant's future activities, and ensuring that it cannot continue to use the tools of its fraud is warranted.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [39]**, is **GRANTED**.

2. The Court will enter final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 23, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record